**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 20-2052**

───────────

WESTFIELD INSURANCE COMPANY,

        Plaintiff – Appellant,

  v.

SISTERSVILLE TANK WORKS, INC.; ROBERT N. EDWARDS; E. JANE PRICE, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ROBERT G. PRICE, DECEASED; DOUGLAS L. STEELE; CAROL STEELE,

        Defendants – Appellees,

  and

GARY THOMAS SANDY; PEGGY P. SANDY,

        Defendants,

  and

REAGLE & PADDEN, INC.; DAVID C. PADDEN,

        Third Party Defendants – Appellees.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:18-cv-00100-JPB-JPM)

───────────

Argued:  October 26, 2022               Decided:  November 14, 2022

───────────

Before AGEE and WYNN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Question of law certified to the West Virginia Supreme Court of Appeals by unpublished order.

**ARGUED:** Brent K. Kesner, KESNER & KESNER, PLLC, Charleston, West Virginia, for Appellant. Ryan Paul Orth, CASEY & CHAPMAN, PLLC, Wheeling, West Virginia; Zachary Benjamin Pyers, REMINGER CO., L.P.A., Columbus, Ohio; David Belknap Lunsford, HARTLEY LAW GROUP, PLLC, Wheeling, West Virginia, for Appellees. **ON BRIEF:** Ernest G. Hentschel, II, KESNER & KESNER, PLLC, Charleston, West Virginia, for Appellant. Patrick S. Casey, Sandra M. Chapman, CASEY & CHAPMAN, PLLC, Wheeling, West Virginia, for Appellee Sistersville Tank Works, Inc. Kenton H. Steele, REMINGER CO., L.P.A., Columbus, Ohio, for Appellees Reagle and Padden, Inc. and David C. Padden.

ORDER

PER CURIAM:

Appellant, Westfield Insurance Company, brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, and W. Va. Code § 55-13-1 *et seq*. Westfield asked the district court to determine whether it owes insurance coverage under West Virginia law to Sistersville Tank Works (STW) for three state tort claims brought against STW. J.A. 28.

The state tort claims at issue were brought by Robert N. Edwards, Deborah S. Edwards, E. Jane Price, Douglas Steele, and Carol Steele (collectively the "Claimants"). The Claimants allege that they developed latent illnesses as a result of exposure to chemicals that leaked from tanks manufactured by STW. Each of their illnesses was diagnosed between 2014 and 2016, but allegedly caused by hazardous chemical exposure dating back to the 1960s.

2

Westfield provided some form of coverage to STW between 1985-2010. The federal district court ordered summary judgment in favor of STW, finding that Westfield owed STW coverage under the 1985-1989 policies. *Westfield Ins. Co. v. Sistersville Tank Works*, 484 F. Supp. 3d 283, 295-97 (N.D.W. Va. 2020). Because coverage existed under those policies, the district court held that the issue of coverage under later policies was moot. *Id.* at 297.

Westfield challenges the district court's ruling on appeal. Central to its contentions, Westfield argues that the district court applied the wrong theory to determine when insurance coverage was triggered under West Virginia law. Finding no controlling appellate decision, constitutional provision, or statute of West Virginia resolving the determinative issue in this matter, we certify the following question of law to the West Virginia Supreme Court of Appeals pursuant to the Uniform Certification of Questions of Law Act, W. Va. Code § 51-1A *et seq.*:

> At what point in time does bodily injury occur to trigger insurance coverage for claims stemming from chemical exposure or other analogous harm that contributed to development of a latent illness?

This Court acknowledges that the West Virginia Supreme Court of Appeals may reformulate this question. *See* W. Va. Code § 51-1A-4. In accordance with the requirement in W. Va. Code § 51-1A-6, we identify the names and addresses of counsel of record and unrepresented parties as follows: (1) Counsel of record for Appellant Westfield Insurance Company is Brent K. Kesner and Ernest Glen Hentschel, II, Kesner & Kesner, PLLC, 112

3

Capitol Street, Charleston, WV 25329; (2) Counsel of record for Appellee STW is Patrick Shannon Casey, Sandra Marie Chapman, and Ryan Paul Orth, Casey & Chapman, PLLC, 1140 Chapline Street, Wheeling, WV 26003; (3) Counsel of record for Appellees Reagle & Padden, Inc. and David C. Padden is Zachary Benjamin Pyers, Reminger Co. LPA, Suite 800, 200 Civic Center Drive, Columbus, OH 43215; and (4) Counsel of Record for Appellees Robert Edwards, Jane Price, Douglas Steele, and Carol Steele is David Belknap Lunsford, Hartley Law Group, PLLC, 7 Pine Avenue, 2001 Main Street, Wheeling, WV 26003.

## I.

West Virginia law provides that a certification order must contain "the facts relevant to the question, showing fully the nature of the controversy out of which the question arose." W. Va. Code § 51-1A-6. Accordingly, we set forth those facts below.

STW is currently defending itself against three West Virginia state tort claims alleging that negligence in manufacturing its products contributed to latent illnesses suffered by the Claimants. Each of the Claimants was diagnosed with their latent illness between 2014 and 2016. However, they each allege that decades of exposure to hazardous chemicals in STW-manufactured tanks caused their recently-diagnosed illnesses.

Westfield Insurance Company acknowledges that it insured STW under several policies from 1989-2010. The district court also found that it provided insurance to STW from 1985-1989, although Westfield contests that finding. *See Westfield Ins. Co.*, 484 F.

4

Supp. 3d at 295-97. It is uncontested that Westfield did not provide insurance to STW in 2014-2016, the years that the Claimants' illnesses were diagnosed.

Critical to determination of the question of whether Westfield owes coverage to STW is when bodily injury occurs under the insurance policies so as to trigger coverage for a latent bodily injury or illness. The district court and the parties here acknowledge that this is a question of West Virginia state law that has yet to be addressed by the West Virginia Supreme Court of Appeals. *See Westfield Ins. Co.*, 484 F. Supp. 3d at 295.

At least four trigger of coverage theories can be employed to determine whether latent bodily injury or property damage has occurred within an insurance policy period. *Id.* at 294. These theories are "(1) exposure trigger, (2) injury-in-fact trigger, (3) manifestation trigger, and (4) continuous or multiple trigger." *Id.* Westfield argues that the manifestation theory of coverage should apply, while STW argues for application of the continuous theory of coverage. The West Virginia Supreme Court of Appeals could apply any one of these theories in the context of latent illness claims.

The district court applied a continuous coverage theory to this case, determining that any policy in place throughout the alleged period of harm was triggered by these claims. *Westfield Ins. Co.*, 484 F. Supp. at 295. The court held that Westfield owed coverage to STW under the 1985-1989 policies. *Id.* at 296. Finding coverage under those policies, the court determined that evaluating coverage under the 1989-2010 policies is now moot. *Id.* at 297.

Westfield challenges several aspects of the district court judgment. First, Westfield argues that the district court erred in applying the continuous trigger coverage theory, instead of the manifestation theory, to find coverage under any of these policies. Westfield also contends that the district court erred in failing to decide the question of coverage under the 1989-2010 policies and in considering the 1985-1989 policies, because they were not properly before the court.

## II.

Lower courts applying West Virginia law that have previously considered the first question—the coverage trigger question—have reached different outcomes.

The district court relied on two West Virginia circuit court opinions to apply the continuous trigger theory of coverage. *See U.S. Silica Co. v. Ace Fire Underwriters Ins. Co.*, 2012 LEXIS 4449 (W. Va. Cir. Nov. 27, 2017); *Wheeling Pittsburgh Corp. v. Am. Ins. Co.*, Civil Action No. 93-C-340, 2003 WL 23652106 (W. Va. Cir. Oct. 18, 2013).

Federal district courts in West Virginia, however, have concluded that West Virginia law calls for application of the manifestation theory in similar contexts. *See State Auto Prop. & Cas. Ins. Co. v. H. E. Neumann Co.*, 2016 WL 5380925 (S.D.W. Va. Sept. 23, 2016); *Westfield Ins. Co. v. Mitchell*, 22 F. Supp. 3d 619 (S.D.W. Va. 2014).

6

III.

Several factors counsel in favor of certification in this case. There is no controlling West Virginia precedent guiding the choice of trigger of coverage theory. Due to the long history of West Virginia housing a substantial chemical industry, this question is likely to be a matter of exceptional importance for the State.

The answer to this question may be determinative of coverage in this case. If the West Virginia Supreme Court of Appeals holds that the manifestation theory of coverage is applicable, then there will likely be no coverage under any of Westfield's policies. If, on the other hand, the West Virginia Supreme Court of Appeals finds the continuous coverage theory or some other theory applies, this court may need to determine whether the district court otherwise erred in finding coverage under the 1985-1989 policies and whether the district court properly determined that coverage under the 1989-2010 policies was moot.

IV.

Accordingly, pursuant to the privilege made available by W. Va. Code § 51-1A-3, we respectfully hereby ORDER: (1) that the question stated above be certified to the West Virginia Supreme Court of Appeals for answer; (2) that the Clerk of this Court forward to the West Virginia Supreme Court of Appeals, under the official seal of this Court, a copy of this Order of Certification, together with the original or copies of the record before this

7

Court to the extent requested by the West Virginia Supreme Court of Appeals; and (3) that the Clerk of this Court fulfill any request for all or part of the record simply upon notification from the Clerk of the West Virginia Supreme Court of Appeals.

*QUESTION CERTIFIED*

FOR THE COURT


/s/ Patricia D. Connor
Clerk

8